UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEFFERY BROWNING, JR.,

    Plaintiff,

v.    Case No. 3:18-cv-757-J-34JRK

SGT. JOHN BUDA,

    Defendant.

**ORDER**

**I. Status**

Plaintiff Jeffery Browning, Jr., while an inmate of the Florida penal system,[1] initiated this action on June 12, 2018, by filing a pro se Civil Rights Complaint (Complaint; Doc. 1). He filed an Amended Complaint (AC; Doc. 14) on November 8, 2018. In the AC, Browning names Sergeant John Buda as the Defendant. He asserts that Defendant Buda violated Browning's federal constitutional rights when he beat him on January 23, 2018. As relief, Browning requests monetary damages and injunctive relief.

This matter is before the Court on Defendant Buda's Motion to Dismiss Plaintiff's Amended Complaint (Motion; Doc. 30). The Court advised Browning that granting a motion to dismiss would be an adjudication of the case that could foreclose subsequent litigation on the matter, and gave him an opportunity to respond. See Order

---

[1] According to the Florida Department of Corrections (FDOC) Offender Network, the FDOC released Browning on December 23, 2018. See http://www.dc.state.fl.us/offenderSearch.

(Doc. 19). Plaintiff filed a response in opposition to the Motion. See Response (Doc. 37); Order (Doc. 39) (construing Plaintiff's "Motion for Summary Judgment and Memorandum of Law" (Doc. 37) as a response to Defendant's Motion). Defendant's Motion is ripe for review.

## II. Plaintiff's Allegations[2]

Browning claims that Defendant Buda violated his Eighth and Fourteenth Amendment rights. As to the underlying facts of his claims, he maintains that Defendant Buda beat him "for no reason" on January 23, 2018, at approximately 9:00 a.m. at Hamilton Correctional Institution (HCI). AC at 2. According to Browning, he was handcuffed with leg shackles during the beating that occurred as he was exiting the bus and being escorted inside the main control building. See id. He avers that "he was a target" due to issues that arose in 2010-2013 when he worked in the HCI kitchen. Id. at 3. He states that "commanding officials" denied him medical treatment after the beating. See id. at 2-3. Browning describes his injuries as: (1) a fractured right wrist, left ankle, left knee, and right elbow; (2) shoulder and back pain; (3) "unbearable"

---

[2] In considering a motion to dismiss, the Court must accept all factual allegations in the AC as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. Miljkovic v. Shafritz and Dinkin, P.A., 791 F.3d 1291, 1297 (11th Cir. 2015) (quotations and citations omitted). As such, the recited facts are drawn from the AC and may differ from those that ultimately can be proved.

2

headaches; (4) vision loss; and (5) arm, leg and jaw bone numbness. <u>Id.</u> at 3.

### III. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009); <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 508 n.1 (2002); <u>see also</u> <u>Lotierzo v. Woman's World Med. Ctr., Inc.</u>, 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. <u>See</u> <u>Randall v. Scott</u>, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. <u>Jackson v. Bellsouth Telecomm.</u>, 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (per curiam) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x

837, 839 (11th Cir. 2011)[3] (quoting <u>GJR Invs., Inc. v. Cty. of Escambia, Fla.</u>, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), <u>overruled in part on other grounds as recognized in</u> <u>Randall</u>, 610 F.3d at 706).

### IV. Summary of the Arguments

In the Motion, Defendant Buda requests dismissal of Browning's claims against him, arguing that Browning's request for injunctive relief is improper and moot, <u>see</u> Motion at 4-5, and the Eleventh Amendment bars Browning's claim for monetary damages against him in his official capacity, <u>see</u> <u>id.</u> at 5-6. In response to the Motion, Browning maintains that he is seeking monetary damages from Defendant Buda in his individual capacity. <u>See</u> Response at 7-8. Additionally, he asserts that he is not seeking injunctive relief against former FDOC Secretary Julie Jones. <u>See</u> <u>id.</u> at 4, 6.

### V. Injunctive Relief

Browning seeks injunctive relief and asks the Court to direct former FDOC Secretary Jones "to enforce control so this won't happen to others." AC at 4. Additionally, he asserts that he seeks injunctive relief "in the form of $40,000." <u>Id.</u> Preliminarily, Defendant maintains that Jones is not a Defendant in this action,

---

[3] "Although an unpublished opinion is not binding . . . , it is persuasive authority." <u>United States v. Futrell</u>, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); <u>see</u> <u>generally</u> Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

5

and therefore, Browning's request is improper. See Motion at 5. In response, Browning explains that he is neither suing Jones nor seeking any relief against her. See Response at 4, 6. Next, Defendant argues that Browning's request for injunctive relief in the amount of $40,000 is improper, see Motion at 5, and this Court agrees. Money damages are not a form of injunctive relief. Indeed, the availability of money damages typically restricts an award of injunctive relief. See Weinberger v. Romero-Barcelo, 456 U.S. 305, 311 (1982) (stating "that the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies"); Rosen v. Cascade Int'l, Inc., 21 F.3d 1520, 1527 (11th Cir. 1994) ("It is axiomatic that equitable relief is only available where there is no adequate remedy at law; cases in which the remedy sought is the recovery of money damages do not fall within the jurisdiction of equity.").

More importantly, any claim for injunctive relief in this action is due to be dismissed. As Defendant correctly argues, any request for injunctive relief is moot because Browning is no longer incarcerated at HCI. See id. FDOC records reflect that the FDOC released Browning on December 23, 2018. The Eleventh Circuit has instructed that an inmate's request for injunctive relief related to his conditions of confinement becomes moot when he is transferred to a different correctional facility. See Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988) (holding the

plaintiff's claims for injunctive relief related to conditions of confinement at a previous correctional facility were subject to dismissal because those claims "no longer presented a case or controversy"); see also Davila v. Marshall, 649 F. App'x 977, 979 (11th Cir. 2016) ("[A] prisoner's request for injunctive relief ... becomes moot when he is transferred."), cert. denied, 137 S.Ct. 2116 (2017). Browning is now housed at the Washington County Jail in Chipley, Florida. Therefore, his request for injunctive relief based on events occurring at HCI is moot, and Defendant's Motion to dismiss Browning's request for injunctive relief is due to be granted.

## VI. Eleventh Amendment Immunity

Buda also asserts that, to the extent he is sued in his official capacity, he is entitled to Eleventh Amendment immunity.

> The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. It is well established that, in the absence of consent, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Papasan v. Allain, 478 U.S. 265, 276, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (quotation omitted). The Eleventh Amendment also prohibits suits against state officials where the state is the real party in interest, such that a plaintiff could not sue to have a state officer pay funds directly from the state treasury for the wrongful acts of the state.

> Summit Med. Assocs., P.C. v. Pryor, 180 F.3d 1326, 1336 (11th Cir. 1999). . . .

Hayes v. Sec'y, Fla. Dep't of Children & Families, 563 F. App'x 701, 703 (11th Cir. 2014) (per curiam).

In Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986) (per curium), the Eleventh Circuit noted:

> It is clear that Congress did not intend to abrogate a state's eleventh amendment immunity in section 1983 damage suits. Quern v. Jordan, 440 U.S. 332, 340-45, 99 S.Ct. 1139, 1144-45, 59 L.Ed.2d 358 (1979). Furthermore, after reviewing specific provisions of the Florida statutes, we recently concluded that Florida's limited waiver of sovereign immunity was not intended to encompass section 1983 suits for damages. See Gamble,[4] 779 F.2d at 1513-20.

Accordingly, in Zatler, the court found that the FDOC Secretary was immune from suit in his official capacity. Id. Thus, insofar as Browning may be seeking monetary damages from Defendant Buda in his official capacity, the Eleventh Amendment bars suit. Therefore, Defendant's Motion is due to be granted to the extent that Browning requests monetary damages from him in his official capacity.

Therefore, it is now

**ORDERED**:

1. Defendant Buda's Motion to Dismiss (Doc. 30) is **GRANTED** as to Browning's (1) claim for monetary damages against Buda in his official capacity, and (2) request for injunctive relief.

---

[4] Gamble v. Fla. Dep't of Health & Rehab. Serv., 779 F.2d 1509 (11th Cir. 1986).

8

2. Plaintiff's Eighth and Fourteenth Amendment claims against Defendant Buda remain. Therefore, Defendant Buda shall answer the Amended Complaint **no later than June 21, 2019.**

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of May, 2019.

MARCIA MORALES HOWARD
United States District Judge

sc 5/22
c:
Jeffery Browning, Jr.
Counsel of Record